IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 3:25-cr-201-5 |
| v. | : | (Judge Munley) |
| CHANDLER GEORGE,<br>         Defendant | : | |

## MEMORANDUM ORDER

Defendant Chandler George has filed two motions to dismiss the criminal charges against him due to selective enforcement. (Docs. 89, 161). That is, George asserts that he is being prosecuted solely because his purported conduct was not done to further the political interests of President Donald J. Trump. As discussed below, the motions are unsupported and will be denied.

**Background**

George has been indicted on charges one count of conspiracy to distribute and possess with intent to distribute in excess of 50 grams of a mixture and substance containing a detectable amount of methamphetamine, an unspecified amount of cocaine, an unspecified amount of fentanyl, and an unspecified amount of benzodiazepines, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B and C), and four counts of use of a communication facility in committing a drug trafficking crime, in violation of 21 U.S.C. §§ 846. (Doc. 175). Eight other defendants were charged in the same superseding indictment: Marvin

Rivera, Oliver Rivera, Mark Reynolds, Sherrielee Stout, Angela Ruggiero, Joel Fernandez, Eric Konnick, and Catherine Linden.

During the pendency of this case, George filed two motions to dismiss due to selective enforcement, which are opposed by the government.

**Analysis**

Upon review, George believes that the United States Attorney's office is acting inconsistently by charging him with drug trafficking crimes. He cites to President Trump's pardons of individuals convicted and sentenced for their conduct at the United States Capitol on January 6, 2021. He also argues that President Trump's administration "has thrown money" at the Estate of Ashli Babbit "as a reward for her insurrectionist conduct." (Docs. 89, 161). In support, George cites to Wikipedia articles and nothing else. Given such arguments, the court briefly addresses their merits or lack thereof.

Under the law, the Executive Branch, headed by the President, is vested with the exclusive authority to prosecute criminal cases. See United States v. Nixon, 418 U.S. 683, 693 (1974). "In our criminal justice system, the Government retains 'broad discretion' as to whom to prosecute." Wayte v. United States, 470 U.S. 598, 607 (1985) (quoting United States v. Goodwin, 457 U.S. 368, 380 n.11 (1982)). When probable cause exists, the decision of whether to prosecute or to present charges to a grand jury is generally committed entirely to the

prosecutor's discretion. See Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). This "broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." Wayte, 470 U.S. at 607.

Prosecutorial discretion, however, is not "unfettered." United States v. Batchelder, 442 U.S. 114, 124–125 (1979). The charging decision must not run afoul of the rights and protections afforded by the United States Constitution. Id. at 125 ("Selectivity in the enforcement of criminal laws is, of course, subject to constitutional constraints."). The Equal Protection Clause of the United States Constitution protects against both selective prosecution and selective enforcement. Washington, 869 F.3d at 214.

Selective prosecution and selective enforcement claims "are generally evaluated under the same two-part test, which is derived from a line of seminal Supreme Court cases about the collision between equal protection principles and the criminal justice system."[1] Id. Though "selective prosecution" and "selective enforcement" have been used interchangeably, the Third Circuit has clarified that these are separate claims, noting that " '[p]rosecution' refers to the actions of prosecutors (in their capacity as prosecutors) and 'enforcement' to the actions of law enforcement and those affiliated with law-enforcement personnel." Id.

---

[1] The Supreme Court has laid out a framework for analyzing claims of selective prosecution, known as the Armstrong/Bass test. See United States v. Armstrong, 517 U.S. 456 (1996); see also United States v. Bass, 536 U.S. 862 (2002).

3

Nevertheless, a "defendant challenging a criminal prosecution at either the law enforcement or prosecution inflection points must provide 'clear evidence' " of: (1) discriminatory effect; and (2) discriminatory intent or purpose. Id.

Establishing the first prong, i.e., discriminatory effect, "generally requires evidence that similarly situated individuals of a differen[t] race or classification were not prosecuted, arrested, or otherwise investigated." Id. Meanwhile, discriminatory intent requires "show[ing] that the decision to prosecute" or enforce "was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor[.]" United States v. Schoolcraft, 879 F.2d 64, 68 (3d Cir. 1989). Each of these elements must be shown with "clear evidence sufficient to overcome the presumption of regularity that attaches to decisions to prosecute." United States v. Taylor, 686 F.3d 182, 197 (3d Cir. 2012) (cleaned up). This standard is "a demanding one." Armstrong, 517 U.S. at 463.

Against this standard, George's arguments fail at the starting line. With respect to discriminatory intent, George offers no evidence that the decision to prosecute him was based on an unjustifiable standard, such as race, religion, or some other arbitrary factor. See Schoolcraft, 879 F.2d at 68. As the government asserts, the charges against George and his co-defendants stem from an investigation into drug trafficking within Northeastern Pennsylvania. (Doc. 147).

George has failed to demonstrate how alleged drug trafficking conduct reflects inconsistent treatment or bears any relation to the individuals pardoned for their criminal conduct during the events of January 6, 2021.

With respect to discriminatory effect, George is one of eight co-defendants implicated in the same alleged drug trafficking activity between January 1, 2025 and July 30, 2025. George's co-defendants, each similarly situated individuals, are being prosecuted by the government in the same action for the same or similar alleged conduct. Id. Without more, George cannot establish that the government has selectively enforced the law against him as all similarly situated individuals have been treated the same manner as he has.

Additionally, although George's arguments are political in nature, the defendant has not presented any evidence or arguments linking this case to any of his political activities or associations. He has not proffered any claims or evidence suggesting that President Trump's exercise of his plenary pardon authority bears any relation to this case.

And finally, as for George's reference to a government settlement with an estate, the defendant has made a categorical error. A civil settlement is not a declaration of prosecutorial policy. The government's decision to settle a tort claim has no bearing on whether it may constitutionally prosecute a person for entirely unrelated events, which allegedly occurred many years later. George

has offered no evidence that the criminal prosecutors in this case were influenced at all by any civil settlement in any other case.

In sum, defendant has provided no evidence of similarly situated individuals being treated differently and his comparisons of himself to those involved in January 6 are legally irrelevant. Defendant's motions to dismiss based on selective enforcement and/or selective prosecution, (Docs. 89, 161), are thus **DENIED**.

Date: 2/4/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court